UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KENNETH O. ADAMS | CIVIL ACTION NO. 05-0399 |
| versus | JUDGE WALTER |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | **REFERRED TO:** **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Kenneth Adams ("Plaintiff") applied for benefits based on a claim that he had been disabled since July 28, 2000 because of an above-the-knee amputation of his left leg and post-concussive disorder caused by a car accident in March 1999. ALJ Janice Bullard issued a written decision dated May 31, 2002 that denied benefits. The ALJ found that Plaintiff had the RFC for unskilled work performed at the light to sedentary exertional levels but could not operate foot controls, must be able to sit or stand at his option, should not drive automotive equipment, work around dangerous moving machinery or around unprotected heights, and could not perform bending or crawling. Plaintiff was also deemed able to follow simple instructions requiring one or two-step tasks.

A VE testified that a person with that RFC and Plaintiff's vocational factors was capable of making a vocational adjustment to work as a final assembler, unskilled work that is performed at the sedentary exertional level and that has 922 positions in Louisiana. The ALJ, based on that testimony and using Rule 201.28 as a framework, concluded at step five

that Plaintiff was not disabled.

Plaintiff was not represented in the proceedings before the ALJ, but he retained counsel after the unfavorable decision issued. Counsel filed a request for review by the Appeals Council, and he sent to the council for filing a memorandum as well as medical and psychiatric records from multiple sources, including treating physicians. Plaintiff reports that, in the meantime, he filed a new application with the agency and was awarded benefits effective June 1, 2002 (the day after ALJ Bullard's decision) pursuant to a decision dated June 22, 2005.

Plaintiff, in his brief to this court, referred to the materials he sent to the Appeals Council. The Commissioner responded that there was no indication that those materials were in the record, making it appear that Plaintiff was now submitting the evidence for the first time. Plaintiff filed a reply brief and attached evidence, including a certified mail return receipt, that indicates the Appeals Council did receive the materials at issue on August 30, 2004.

There is no indication in the certified record the Commissioner filed with this court that the materials at issue were placed in the formal record or actually considered by the Appeals Council. That body usually denies review with what is largely a form letter, but the text often contains a brief discussion or mention of any new evidence that was submitted after the ALJ's decision. The decision issued by the Appeals Council in this case, however, says only that the council has considered the reasons Plaintiff disagreed with the ALJ's decision

but found no basis to change the decision. There is no mention in the written decision that the Appeals Council considered any new evidentiary submissions.

The Fifth Circuit has held that the Commissioner's final decision, the decision that is to be reviewed by the courts, includes the Appeals Council's denial of a request for review and requires the court to consider (in determining whether there is substantial evidence to support the decision) evidence that was submitted for the first time to the Appeals Council. Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005). The agency need not address in its written decision every bit of evidence before it, but the court is unable to conclude that a decision is supported by substantial evidence if the ALJ or Appeals Council did not, for whatever reason, discuss significant lines of evidence or resolve important conflicts in the evidence. See Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005)("While a 'deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case,' inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.")

The evidence that Plaintiff submitted to the Appeals Council includes opinions from treating physicians that indicate a level of ability that is not consistent with the RFC found by the ALJ. The opinions were issued after the date of the relevant decision, but the current record does not contain sufficient evidence for the court to decide whether the opinions are relevant to the time at issue or merely reflect a later condition brought on by a deterioration in Plaintiff's health after the relevant date. The agency might find that the new evidence is

relevant and material to the time at issue, or it might find otherwise, and it should have the opportunity to make that decision in the first place.

The courts perform only a limited review of social security appeals pursuant to 42 U.S.C. § 405(g), and that limited review is thwarted if the court is placed in the position of deciding an issue *de novo* on a limited record. The better course is to reverse the current decision as not supported by substantial evidence and remand it to the agency for further proceedings. The agency may then develop the record, if necessary, and decide in the first instance the relevance, weight and materiality of the new evidence. If Plaintiff is again unsuccessful, he can appeal that decision to this court, which can then conduct a review of the Commissioner's decision and afford deference to a decision that was based on a reasoned decision of all of the evidence that was submitted.

Both parties filed written consent to have a magistrate judge decide this case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the case was referred to the undersigned for a decision and the entry of final judgment. For the reasons set forth above, a judgment will be entered reversing the Commissioner's decision to deny benefits and remanding the case for further proceedings.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE